**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

DONNA V. QUEEN                                     :
    Plaintiff

                              :

      v.                                                  Civil Action No. RDB-09-892

                              :

DR. SAMEER PATEL
    Defendant                                 ******

**MEMORANDUM OPINION**

Pending is a complaint filed *pro se* by Donna V. Queen (Queen), alleging that she receives inadequate psychiatric care at Clifton T. Perkins Hospital.  Queen claims that Defendant Sameer Patel, M.D. improperly denied her medical evaluation and treatment for the period between November of 2007 and August 4, 2008, and requests damages.

Defendant, through counsel, moves to dismiss the Complaint pursuant to Rule 12(b) (6) of the Federal Rules of Civil Procedure.[1]  For reasons that follow, the Motion to Dismiss IS GRANTED.

**BACKGROUND**

On August 11, 2008, Queen was committed to the Department of Health and Mental Hygiene after a verdict of not criminally responsible. Complaint, Attachment p. 48. Queen brings this action on the basis of federal question jurisdiction.  She alleges that Dr. Patel's treatment violates the Annotated Code of Maryland Health- General Article § 10-701-713 and constitutes "psychiatric malpractice."  Queen asserts that she is unable to climb stairs, and faults Dr. Patel

---

[1] Plaintiff was provided an opportunity to reply.  She subsequently submitted several  letters, although none specifically addressed  the Motion to Dismiss. Papers  24-26.  The facts and issues presented in this case are similar to those Plaintiff raised in *Queen v. Udapi*, Civil Action No. RDB-09-893 (D. Md.).

for refusing to 1) allow meals to be served in her room and 2)  permit her use of an elevator.  She also alleges that other doctors agreed with Dr. Patel and were concerned with her obesity.

Additionally, Queen complains that she was not referred to a specialist in a timely manner for leg pain, although she acknowledges that Dr. Patel ordered a Dopler study of her legs in June of 2008.  Complaint, pp. 3 and 9.  The results of that study showed normal circulation in her legs.  Queen acknowledges that she was referred to a rheumatologist in August of 2008, who diagnosed osteoarthritis.  Complaint, pp. 3 and 20.   Queen claims the "phenomenal amount of daily stair climbing" at Perkins beginning in 2007 caused her osteoarthritis.   Notably, Queen does not allege that the rheumatologist advised her to stop using the stairs or that using the stairs beginning in 2007 caused her osteoarthritis.

Queen claims that Dr. Patel conditioned referral to a specialist upon her obtaining a certain privilege level in her ward and undergoing evaluation for improper kidney function.  Complaint, pp. 3 and 6.   She concedes that she refused to consent to a mammogram and other medical appointments outside Perkins.  Complaint, p. 26.

## STANDARD OF REVIEW

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint may be dismissed for failure to state a claim upon which relief can be granted.  *See* Fed.R.Civ.P. 12(b)(6). A Rule 12(b) (6) motion tests the legal sufficiency of a complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir.1999). Therefore, the Court accepts all well-pleaded allegations as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff.  *See Ibarra v. United States,* 120 F.3d 472, 474 (4th Cir. 1997). A complaint must meet the "simplified pleading standard" of Rule 8(a)(2), *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 513 (2002), which requires only a "short and plain statement of

the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a).

Although Rule 8(a) (2) requires only a "short and plain statement," a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action" in order to survive a motion to dismiss. *Bell Atlantic. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The factual allegations contained in a complaint "must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*.  Thus, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.  A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  A well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. *Id*.

## DISCUSSION

I.   Jurisdiction

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute."  *In re Bulldog Trucking, Inc*., 147 F.3d 347, 352 (4th Cir. 1998).  Generally, a case can be filed in a federal district court if there is "federal question" jurisdiction under 28 U.S.C. § 1331 (providing there is jurisdiction in civil actions "under the Constitution, law, or treaties of the United States).[2]  There is no presumption that the court has jurisdiction.  *See Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir.1999) (citing *Lehigh Mining & Mfg. Co. v. Kelly*,

---

[2] Queen does not allege federal jurisdiction premised on diversity of citizenship under 28 U.S.C. § 1332.

160 U.S. 327, 337 (1895)).

In this case, Queen raises causes of action based solely on Maryland state law. To the extent she might claim these actions constitute civil rights violations through 42 U.S.C. § 1983, she fails to state a claim. A civil rights action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707, (1999).  The civil rights statute " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " *Albright v. Oliver*, 510 U.S. 266, 271 (1994), quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979).  To state a claim under § 1983, a plaintiff must allege that: 1) a right secured by the Constitution or laws of the United States was violated and 2) the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).   Liability is appropriate under § 1983 only to remedy violation of federally protected rights. *See Baker v. McCollan*, 443 U.S. at 145-46; *Clark v. Link*, 855 F.2d 156, 161, 163 (4th Cir. 1988) (holding that § 1983 claim rests on violation of the Constitution or statutes of the United States, not solely on violation of state statutes or common law torts).

II.   Eleventh Amendment

The Eleventh Amendment bars a suit for monetary damages in federal court by a private individual against an unconsenting state or its agencies, absent waiver or congressional abrogation of sovereign immunity. *See Seminole Tribe v. Florida*, 517 U.S. 44, 56-58 (1996); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101-02 (1984). The protections of the Eleventh Amendment apply to individual "state employees acting in their official capacity." *Harter v. Vernon,* 101 F.3d 334, 337 (4th Cir. 1996).   The state  has not waived its immunity.  Thus, to the extent Dr. Patel was acting within his official capacity as a physician for

4

a state hospital, he is protected by the Eleventh Amendment immunity as an agent of the State of Maryland and cannot be held liable. *See McGrath-Malott v. State of Maryland,* 2007 WL 609909, at \*10 (D. Md. 2007).

III.  Due Process

Persons involuntarily committed to a psychiatric facility have a constitutional right to medical treatment under the Due Process Clause of the Fourteenth Amendment.  *See Patten v. Nicholas*, 274 F.3d 829 (2001). To find a constitutional violation, the health provider must substantially depart from accepted professional judgment.  *See id*. at 841.  Mere negligence does not amount to liability under the Due Process Clause.  Further, malpractice does not amount to violation of constitutional magnitude.  *See id*.  Differing expert opinions concerning proper medical treatment of a patient do not equate to a due process violation. *See Kulak v. City of New York*, 88 F.3d 63, 74 (2d Cir. 1996).  Queen does not allege that Dr. Patel substantially departed from accepted medical practice.  She does not allege that the rheumatologist disagreed with Dr. Patel or directed her to stop using stairs.  Queen's allegations are insufficient to show a constitutional violation of substantive due process and will be dismissed.

## CONCLUSION

For the foregoing reasons, the Court will GRANT  Defendant's Motion to Dismiss.  A separate Order consistent with this Memorandum Opinion follows.


November 16, 2009                                /s/_____
             Date                                        RICHARD D. BENNETT
                                               UNITED STATES DISTRICT JUDGE